IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JERAMY JARMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number CIV-08-963-C |
| ) | |
| STATE OF OKLAHOMA, ex rel., ) | |
| THE OKLAHOMA DEPARTMENT OF ) | |
| MENTAL HEALTH AND SUBSTANCE ) | |
| ABUSE SERVICES ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff filed a Complaint alleging claims of retaliation and religious discrimination in violation of Title VII, 42 U.S.C. § 2000e et seq. Plaintiff also alleges a violation of the Oklahoma Anti-Discrimination Act, 25 Okla. Stat. § 1101, et seq. Defendant filed the present Motion for Summary Judgment.

### BACKGROUND

Defendant hired Plaintiff in November 2005 as a Drug Court Field Representative. At some point in 2006, Plaintiff was promoted to Drug Court Administrative Coordinator. Plaintiff, who is Jewish, claims that his religion was disclosed during his initial interview with Ben Brown and David Wright. Plaintiff contends that, beginning in December 2006, different employees began initiating group prayer during staff meetings. In September 2007, after Caletta McPherson was hired as Plaintiff's supervisor, he contends that the instances of group prayer increased, along with the use of Bible verses in email signature lines.

According to Plaintiff, he complained of inappropriate prayer from June 2007 to September 2007 to a number of his co-workers. Plaintiff never mentioned his complaints to any of his supervisors, although he claims that they most likely knew about the problems he was having.

In May 2007, one of Plaintiff's co-workers, Haley James, filed an internal complaint regarding discrimination and hostile work environment. Although Plaintiff was not originally named as a respondent in Ms. James' complaint, his name later arose in the course of Defendant's investigation of the allegations. During its investigation, Defendant found that Plaintiff violated its confidentiality policy by discussing the ongoing investigation. Defendant further found that Plaintiff disclosed confidential information regarding Ms. James' medical conditions. As a result, Plaintiff's August 2007 performance evaluation indicated that he needed improvement in maintaining confidentiality, although Plaintiff's overall performance rating was "Meets Standards."

In May 2007, Plaintiff learned about allegations that the Custer County sheriff was forcing female drug court participants to have sex with him. Plaintiff claims that he immediately informed his supervisor, Rand Baker, as well as Durand Crosby and Dewayne Moore, who both worked in Defendant's legal department. According to Plaintiff, he had numerous discussions with these individuals and others from May 2007 through September 2007 regarding the Custer County incident. Defendant, however, contends that Plaintiff did not inform anyone about what had occurred until September 2007, nor did he continue to update anyone about developments as they happened.

On October 1, 2007, Plaintiff's wife, Dr. Yana Jarman, sent a letter to Robert Peak, Defendant's Inspector General, concerning what she perceived to be discriminatory and retaliatory acts surrounding the end of her employment with Defendant. Plaintiff helped his wife write this letter and then spoke to Mr. Baker on her behalf. Plaintiff claims that his direct supervisor, Ms. McPherson, was also aware of the actions that he took in helping his wife make an informal claim of discrimination and retaliation. Subsequently, on November 1, 2007, Plaintiff was terminated. He claims that this was in retaliation for his actions in assisting his wife to oppose discrimination. He also claims that he was terminated because he was Jewish. Defendant denies these allegations and claims that Plaintiff was terminated because of unsatisfactory performance and misconduct.

**STANDARD OF REVIEW**

A motion for summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). Material facts are those that may affect the outcome of the litigation under applicable substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine only if it is such that a reasonable jury could find in favor of the nonmoving party. Id. The moving party bears the burden of demonstrating the lack of a genuine issue about any material facts. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). Once this burden is met, the nonmoving party must then respond and introduce specific facts demonstrating a genuine issue of material fact. Fed. R. Civ. P. 56(e)(2). When deciding a motion for summary judgment, the court may only

consider admissible evidence and must "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the [summary judgment] motion.'" Scott v. Harris, 550 U.S. 372, 378 (2007) (quoting United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam)); Gross v. Burggraf Constr. Co., 53 F.3d 1531, 1541 (10th Cir. 1995).

The Supreme Court noted that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The Court went on to explain that, in this situation, there could be no genuine issue of material fact because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

## ANALYSIS[1]

### A.  Plaintiff's Retaliation Claim

In order for Plaintiff to prevail on his claim of retaliation, he must show that: "(1) he . . . was engaged in opposition to Title VII discrimination; (2) he . . . was subjected to adverse employment action subsequent to or contemporaneous with the protected activity; and (3) there is a causal connection between the protected activity and the adverse employment action." Gunnell v. Utah Valley State Coll., 152 F.3d 1253, 1262-63 (10th Cir. 1998).  Once Plaintiff establishes his prima facie case, the burden then shifts to Defendant to proffer a legitimate, nondiscriminatory reason for the adverse employment action. Medina v. Income Support Div., N.M., 413 F.3d 1131, 1136 (10th Cir. 2005).  Defendant is then entitled to summary judgment unless Plaintiff can show that there is a genuine factual dispute regarding whether the proffered reason is pretextual.  Id.

The Court finds that Plaintiff has sufficiently stated a prima facie case for Title VII retaliation.  Plaintiff engaged in protected opposition to Title VII discrimination when he assisted his wife with presenting her claims to Defendant by writing the letter that she sent as well as speaking with Rand Baker on her behalf.[2]  Although Defendant argues that Dr.

---

[1] Defendant did not provide any argument with respect to Plaintiff's OADA claim. Accordingly, nothing in this Order impacts the viability of that claim.

[2] Plaintiff offers two additional arguments on this prong.  First, he urges the Court to permit him to maintain a retaliation claim based on his wife's protected opposition to discrimination.  The Court declines to address this argument, finding that he has sufficiently stated a prima facie case based upon his own opposition to discrimination.  Second, Plaintiff contends that he engaged in protected opposition when he complained about possible racial discrimination in the hiring and promotion practices followed by some of Defendant's employees.  However, there is no indication

Jarman did not have a good faith basis for believing that Defendant's actions toward her were motivated by discriminatory animus, the Court finds no support for this assertion. Additionally, the fact that Dr. Jarman never filed an EEOC complaint does not impact the Court's decision, since it is well recognized that opposition short of a formal charge is protected by Title VII. See E.E.O.C. v. PVNF, LLC, 487 F.3d 790, 804 (10th Cir. 2007). Exactly one month after his wife formally filed her complaint, Plaintiff was terminated, which clearly constitutes an adverse employment action. Finally, Plaintiff has sufficiently established causation. According to his testimony, he informed Mr. Baker and Ms. McPherson, both of whom were in a supervisory position over Plaintiff, about the actions he took on his wife's behalf. While the evidence is unclear as to precisely which individuals were involved with Plaintiff's termination, Plaintiff's testimony, combined with statements by Mr. Moore, who admits that he was involved in the decision to terminate Plaintiff, indicating that he was aware of Dr. Jarman's complaint and that he may have spoken to Plaintiff about it at least once, is sufficient to establish a causal connection between the complaint and Plaintiff's termination.

The burden then shifts to Defendant to articulate a legitimate, non-retaliatory basis for Plaintiff's discharge. According to Defendant, Plaintiff was terminated for unsatisfactory performance and misconduct. Specifically, Defendant contends that Plaintiff's name arose

---

that any of the persons to whom Plaintiff complained were involved in making the decision to terminate him, and therefore this claim must fail. See Petersen v. Utah Dep't of Corr., 301 F.3d 1182, 1188-89 (10th Cir. 2002).

in connection with a civil rights complaint made by another employee, Ms. James. Defendant found that Plaintiff did not properly handle Ms. James' personal medical information and that he may have retaliated against her as a result of her complaint. Additionally, Defendant found that Plaintiff disclosed confidential information and improperly discussed the ongoing investigation. Defendant also claims that Plaintiff's August 2007 performance evaluation indicated that he needed to improve his management skills and process his employee evaluations in a timely manner. Finally, Defendant further alleges that Plaintiff failed to keep the appropriate individuals informed about the allegations of sexual abuse arising out of the Custer County drug court program. Defendant claims that Plaintiff did not tell Defendant's legal department about the situation until approximately four months after learning about it and that Plaintiff failed to properly document the appropriate files and keep Defendant apprised of the situation as it progressed. Defendant has therefore met its burden of demonstrating a legitimate, non-discriminatory reason for Plaintiff's termination.

The burden then shifts back to Plaintiff to show that there is a genuine factual dispute regarding whether Defendant's proffered reasons are pretextual. According to Plaintiff, a number of factors indicate that Plaintiff was not terminated for the reasons that Defendant asserts. First, Defendant hired outside legal counsel to assess Plaintiff's performance and to give advice on whether it was appropriate to terminate him. Second, while Plaintiff was counseled in August 2007 regarding his treatment of confidential information, he was not terminated until three months later, after his wife's discrimination complaint. Additionally,

both Mr. Baker and Ms. McPherson testified that they did not feel that Plaintiff should be terminated for these infractions. Third, Plaintiff contends that he in fact informed numerous individuals about the situation in Custer County when it initially arose, including Mr. Baker, who was at that time the acting Commissioner. Additionally, Plaintiff states that no one questioned him regarding the actions he took in response to the situation, nor did they examine the files kept in his office in which he documented his actions and conversations. Finally, while Defendant contends that Plaintiff did not inform anyone of the situation until September 2007, Plaintiff was not terminated until November, after his wife's complaint.

"An employee may show pretext based on 'weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions' in the employer's claimed legitimate, non-discriminatory reason such that a rational trier of fact could find the reason unworthy of belief." Timmerman v. U. S. Bank, N.A., 483 F.3d 1106, 1113 (10th Cir. 2007). The Court finds that Plaintiff's allegations are sufficient to permit a jury to find Defendant's proffered reasons for his termination unworthy of belief. While Defendant cites a long record of unsatisfactory performance, it only submitted one performance evaluation which, although warning that Plaintiff needs to maintain confidentiality, states that his overall rating is "Meets Standards." (See Dkt. No. 25, Ex. 14.) The timing of Plaintiff's termination, combined with his allegations that Defendant was in fact fully apprised of the Custer County situation and that his other infractions were viewed by certain supervisors as not serious enough to warrant his termination, support Plaintiff's claim of pretext. Therefore, he is entitled to present his retaliation claim to a jury.

**B. Plaintiff's Religious Discrimination Claim**

In order for Plaintiff to prevail on his claim of religious discrimination, he must demonstrate:

> (1) that he was subjected to some adverse employment action; (2) that, at the time the employment action was taken, the employee's job performance was satisfactory; and (3) some additional evidence to support the inference that the employment actions were taken because of a discriminatory motive based upon the employee's failure to hold or follow his employer's religious beliefs.

Shapolia v. Los Alamos Nat'l Lab., 992 F.2d 1033, 1038 (10th Cir. 1993) (footnotes omitted). If Plaintiff succeeds, the burden then shifts to Defendant to proffer a legitimate, non-discriminatory reason for his termination. Id. The burden then shifts back to Plaintiff to show that Defendant's reasons are pretextual. Id.

The Court finds that Plaintiff has not submitted sufficient evidence to support the inference that he was terminated because of his religious beliefs. While Plaintiff claims that he disclosed his religious preference during his initial interview, he was subsequently hired and employed for nearly two years. In addition, there is no indication that any of Plaintiff's supervisors were aware of his complaints regarding Christian prayer in the workplace. Although he claims that he complained to numerous co-workers, he can only speculate that some supervisors were aware of his feelings. No evidence was submitted to demonstrate that the individuals involved in the decision to terminate Plaintiff knew that he was Jewish or that he had complained about Christian prayer in the workplace. This is insufficient to make out a prima facie case of discrimination, and therefore Plaintiff's claim must fail.

**CONCLUSION**

Accordingly, Defendant's Motion for Summary Judgment (Dkt. No. 22 & 25) is GRANTED IN PART and DENIED IN PART. Plaintiff's claim of religious discrimination (Count I) is DISMISSED. Plaintiff's other claims remain.

IT IS SO ORDERED this 30th day of September, 2009.

ROBIN J. CAUTHRON
United States District Judge